UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD CATHERINE,<br><br>       Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK N.A.,<br><br>       Defendant. | No.  2:19-cv-1487 JAM DB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Donald Catherine is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On March 3, 2020, the undersigned issued an order granting defendant's motion to dismiss and granting plaintiff further leave to amend.  (ECF No. 14.)  Instead of filing an amended complaint plaintiff has filed an objection to the March 3, 2020 order.  (ECF No.  15.)  For the reasons stated below, the undersigned now recommends that plaintiff's amended complaint be dismissed without further leave to amend.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on December 10, 2018, by filing a complaint in the Sacramento County Superior Court.  (ECF No. 1-2 at 3.[1])  Plaintiff is proceeding

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1   on an amended complaint.  Therein, plaintiff alleges that "in or about October 2015, and ending

2   in May 2018 the defendant Wells Fargo Bank . . . conducted a Non-Judicial Foreclosure against

3   the Plaintiff/Homeowner."  (Am. Compl. (ECF No. 1-1) at 7.)  However, in May of 2018,

4   plaintiff "successfully reinstated his mortgage."  (Id.)  Nonetheless, during these "3 years"

5   defendant "never produced a written Mortgage Reinstatement Quote," and failed to respond to

6   plaintiff's "Qualified ORAL & Written Request for Account Information after March 6, 2018."

7   (Id. at 7-8.)  Pursuant to these allegations the amended complaint alleges causes of action for

8   violation "RESPA – HAMP Modification Note," "RESPA-Mortgage Reinstatement Quote,"

9   "Business and Professions Code," "Cal. Homeowner's Bill of Rights," "Failure to Disclose and

10  Correct Errors," and "Fraud, Bus. & Professions Code."  (Id. at 12-36.)

11          On August 2, 2019, defendant Wells Fargo Bank, N.A., ("Wells Fargo"), removed the

12  matter to this court pursuant to federal question and diversity jurisdiction.  (ECF No. 1 at 1.)  On

13  August 9, 2019, defendant filed a motion to dismiss.  (ECF No. 4.)  Plaintiff filed an opposition

14  on September 3, 2019.  (ECF No. 9.)  Defendant filed a reply on September 13, 2019.  (ECF No.

15  12.)  The motion to dismiss was taken under submission on September 24, 2019.  (ECF No. 13.)

16          On March 3, 2020, the undersigned issued an order granting defendant's motion to

17  dismiss and granting plaintiff further leave to amend.  (ECF No. 14.)  Plaintiff was given twenty-

18  eight days to file an amended complaint.  Plaintiff, however, did not file an amended complaint.

19  Instead, on March 19, 2020, plaintiff filed objections to the March 3, 2020 order.  (ECF No. 15.)

20  Defendant filed a response on March 31, 2020.  (ECF No. 16.)

21                                           **STANDARD**

22  **I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

23          The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

24  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

25  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

26  sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901

27  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

28  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

**I.    Plaintiff's Failure to Comply With The March 3, 2020 Order**

As noted above, in an order filed March 3, 2020, plaintiff's amended complaint was dismissed, and plaintiff was granted further leave to amend within 28 days from March 3, 2020.

3

1  (ECF No. 14.)  Plaintiff was cautioned in that order that the failure to comply with that order

2  could result in a recommendation that this action be dismissed.  (Id. at 8.)

3  However, instead of complying with the order by filing a second amended complaint,

4  plaintiff elected to file objections to the March 3, 2020 order, "Pursuant to . . . . Rulings on

5  Evidence[.]"  (Pl.'s Obj. (ECF No. 15) at 1.)  The filing of objections, however, was not a proper

6  response to the March 3, 2020 order.[2]  In this regard, plaintiff has elected to not comply with the

7  March 3, 2020 order.  As a result, this action could be dismissed for this reason alone.  See Local

8  Rule 110; Fed. R. Civ. P. 41(b).

## II.  Defendant's Motion to Dismiss

Moreover, as explained in the March 3, 2020 order, review of plaintiff's amended complaint and defendant's motion to dismiss finds that the amended complaint should be dismissed for failure to state a claim.

### A.  RESPA Claims

"Congress enacted [the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*,] RESPA in 1974 to protect home buyers from inflated prices in the home purchasing process." Schuetz v. Banc One Mortg. Corp., 292 F.3d 1004, 1008 (9th Cir. 2002).  The amended complaint alleges that defendant violated RESPA by failing to respond to plaintiff's "Qualified Request for Information" with respect to the "HAMP Modification Note," and a "Mortgage Reinstatement Quote."  (Am. Compl. (ECF No. 1-1) at 12, 19.)

"RESPA, 12 U.S.C. § 2605(e), requires that loan servicers timely respond to qualified written requests ('QWRs') from borrowers."  Lal v. American Home Servicing, Inc., 680 F.Supp.2d 1218, 1223 (E.D. Cal. 2010).  However, "[i]n order to survive a motion to dismiss, a plaintiff must allege actual pecuniary damages as a result of the RESPA violation."  Kwang Tae Kim v. JPMorgan Chase Bank, N.A, Case No. CV 16-6028 DMG (ASx), 2017 WL 8186672, at *4 (C.D. Cal. July 27, 2017); see also Kitty Yinling Zhang v. Countrywide Home Loans, Inc.,

---

[2] Plaintiff could have sought reconsideration of the March 3, 2020 order.  To the extent that was plaintiff's intent, these findings and recommendations explain why there is no basis for reconsideration of the March 3, 2020 order.

601 Fed. Appx. 567, 567 (9th Cir. 2015) ("Dismissal of Zhang's RESPA claim alleging inadequate responses to her Qualified Written Request was proper because Zhang failed to allege facts sufficient to show that she suffered any actual damages as a result of the alleged violation."); Carswell v. JP Morgan Chase Bank N.A., 500 Fed. Appx. 580, 582 (9th Cir. 2012) ("Plaintiff failed to allege (and cannot plausibly allege) any actual damage, which is required as an element of a RESPA claim."). Here, the amended complaint does not allege any actual damages. (Am. Compl. (ECF No. 1-1) at 16, 20.)

Plaintiff's objection is asserted "[o]n the grounds that the RESPA Violations are properly stated[.]" (Pl.'s Obj. (ECF No. 15) at 3.) Specifically, plaintiff argues that discovery is necessary "to determine what Pecuniary Damages that are hidden in the figures." (Id. at 12.) While discovery may be necessary to determine the precise amount of actual damages, the amended complaint fails to allege that plaintiff suffered any actual damages. And a complaint must plead actual damages to survive a motion to dismiss. See Toone v. Wells Fargo Bank, N.A., 716 F.3d 516, 523 (10th Cir. 2013) ("to survive a Rule 12(b)(6) motion to dismiss a claim under § 2605(e) of RESPA, plaintiffs must plead actual damages stemming from the failure to respond to requests or a pattern or practice of misconduct").

Moreover, it is not clear from the amended complaint's factual allegations that plaintiff sent defendant a QWR. In this regard, "[n]ot all written requests from a borrower to a servicer require a response." Au v. Republic State Mortg. Co., 948 F.Supp.2d 1086, 1103 (D. Hawaii 2013). "[L]etters challenging only a loan's validity or its terms are not qualified written requests that give rise to a duty to respond under § 2605(e)." Medrano v. Flagstar Bank, FSB, 704 F.3d 661, 667 (9th Cir. 2012).

Here, attached to the amended complaint is a copy of a June 4, 2018 letter from plaintiff to defendant that the amended complaint characterizes as a QWR. (Am. Compl. (ECF No. 1-1) at 8, 55.) The letter "DEMANDS $100,000 in immediate compensation" for "misconduct, negligent and the 'FRAUDULENTLY DOCUMENTED' foreclosure activities[.]" (Id. at 55.) However, the letter does not address the servicing of the loan, as conceded by plaintiff in plaintiff's objection. (Pl.'s Obj. (ECF No. 15) at 10). "Courts routinely interpret section 2605 as requiring a

5

1   QWR to relate to the servicing of a loan, rather than the creation or modification of a loan."

2   Sirote v. BBVA Compass Bank, 857 F.Supp.2d 1213, 1221 (N.D. Ala. 2010).

3        Plaintiff argues that the servicing of the loan was addressed in a June 11, 2018 letter to

4   defendant.  (Pl.'s Obj. (ECF No. 15) at 11.)  That letter, however, is full of vague assertions as to

5   why the loan at issue is "null and void."  (Am. Compl. (ECF No. 1-1) at 57.)  "[A] QWR must

6   address the servicing of the loan, and not its validity[.]"  Consumer Solutions REO, LLC v.

7   Hillery, 658 F.Supp.2d 1002, 1014 (N.D. Cal. 2009).

8        Moreover, the amended complaint alleges that defendant responded to plaintiff's letter on

9   August 10, 2018, with a "36-page attachment[.]"  (Am. Compl. (ECF No. 1-1) at 14.)  Plaintiff

10  attached, at least a portion of, defendant's response to the amended complaint and that response

11  included a "Reinstatement Quote from March 2018."  (Id. at 72.)  Although the amended

12  complaint complains that defendant's response "did not include a copy of the 'HAMP Note,'" the

13  amended complaint does not allege facts establishing that plaintiff executed and complied with

14  the terms of any HAMP agreement.  (Id. at 14.)

15       Accordingly, for the reasons stated above, the undersigned finds that the amended

16  complaint fails to state a RESPA claim.

17  **II.**     **California Homeowners Bill of Rights**

18  
19  > In response to the mortgage and foreclosure crisis, the California Legislature enacted the Homeowner Bill of Rights (HBOR) on January 1, 2013, shortly after the finalization of the National Mortgage Settlement (NMS).  This law was created to combat the foreclosure crisis and hold banks accountable for exacerbating it. HBOR's purpose is to ensure that homeowners who may qualify for a foreclosure alternative are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, such as loan modifications or other alternatives to foreclosure.

23  Penermon v. Wells Fargo Bank, N.A., 47 F.Supp.3d 982, 992-93 (N.D. Cal. 2014) (citations and

24  quotation omitted).

25       Here, the amended complaint asserts in a vague and conclusory manner that the defendant

26  "violated [plaintiff's] statutory rights under the California Homeowners Bill of Rights, and related

27  consumer protection laws, by failing to comply with his request for a copy of the 'Written

28  ////

6

1 Mortgage Reinstatement Quote.'" (Am. Compl. (ECF No. 1-1) at 26.) However, as noted above, it is not clear that the defendant failed to provide plaintiff with a mortgage reinstatement quote.

The amended complaint specifically cites to California Civil Code § 2924(c). (Am. Compl. (ECF No. 1-1) at 26.) That provision, however, concerns "the publication of a copy of the notice of default[.]" Cal. Civ. Code § 2924(c). Additionally, the relief sought by the amended complaint is damages. (Am. Compl. (ECF No. 1-1) at 37.) But damages under HBOR are only available "[a]fter a trustee's deed upon sale has been recorded[.]" Rockridge Trust v. Wells Fargo, N.A., 985 F.Supp.2d 1110, 1149 (N.D. Cal. 2013). Here, there are no allegations of a pending recorded trustee's sale.

The amended complaint also cites to California Civil Code § 2943(c), in support of the allegation that plaintiff "requested in writing . . . a Mortgage Reinstated Quote" on March 15, 2018, "but never received a response from defendant." (Am. Compl. (ECF No. 1-1) at 26.) § 2943(c) does provide that a "beneficiary . . . shall, on the written demand of an entitled person . . . prepare and deliver a payoff demand statement to the person demanding it within 21 days of the receipt of the demand."

However, this same provision also states that

> . . . if the loan is subject to a recorded notice of default or a filed complaint commencing a judicial foreclosure, the beneficiary shall have no obligation to prepare and deliver this statement as prescribed unless the written demand is received prior to the first publication of a notice of sale or the notice of the first date of sale established by a court.

(Id.) Here, the amended complaint alleges that the defendant "conducted a Non-judicial Foreclosure against the Plaintiff/Homeowner" beginning in October of 2015 and "ending in May 2018[.]" (Id. at 7.) In this regard, it is unclear if plaintiff's request was filed prior to the first publication of a notice of sale.

Accordingly, for the reasons stated above the undersigned finds that the amended complaint fails to state an HBOR claim.

////

////

7

**III.     California Business & Professions Code § 17200**

The amended complaint asserts three causes of action pursuant to California's Unfair Competition Code, Business & Professions Code § 17200, *et seq*. (Am. Compl. (ECF No. 1-1) at 22, 27, 32.) California's Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. § 17200 incorporates other laws and treats a violation of those laws as an unlawful business practice independently actionable under California state law. Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). "In order to state a claim for a violation of [§ 17200], a plaintiff must allege that the defendant committed a business act that is either fraudulent, unlawful, or unfair." Levine v. Blue Shield of California, 189 Cal.App.4th 1117, 1136 (2010). Moreover, "[t]o state a claim for an 'unlawful' business practice under the UCL, a plaintiff must assert the violation of some other law." Welenco, Inc. v. Corbell, 126 F.Supp.3d 1154, 1178 (E.D. Cal. 2015); see also Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1190 (N.D. Cal. 2009) ("[S]ince the court has dismissed all of Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practices prong of the UCL.").

Here, the other causes of action asserted in the amended complaint fail to state a claim upon which relief can be granted. Accordingly, the undersigned finds that the amended complaint fails to state a claim pursuant to § 17200.

## LEAVE TO AMEND

For the reasons stated above, defendant's motion to dismiss should be granted. The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given plaintiff's refusal to further amend the complaint when given the opportunity the undersigned finds that again granting plaintiff further leave to amend would be futile.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's August 9, 2019 motion to dismiss (ECF No. 4) be granted;

2. The August 2, 2019 amended complaint (ECF No. 1-1) be dismissed without further leave to amend; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 24, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/catherine1487.dism.f&rs