UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD CATHERINE,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | No.  2:19-cv-01487-JAM-DB<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT** |

    Before the Court is Plaintiff Donald Catherine's ("Plaintiff") motion for leave to amend his first amended complaint. Mot., ECF No. 22, at 2. Defendant Wells Fargo Bank, N.A., ("Defendant" or "Wells Fargo") opposes this motion. Opp'n, ECF No. 25. For the reasons set forth below the Court DENIES Plaintiff's motion.[1]

        I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

    In 2004, Plaintiff obtained a refinance loan for his home from Wells Fargo's predecessor-in-interest, World Savings Bank,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 11, 2020.

1

FSB.  Mot., Exh. A, Proposed Second Amended Complaint ("SAC") ¶ 14.

In 2014, Plaintiff stopped making payments on the loan and Wells Fargo initiated a non-judicial foreclosure in 2015.  Id. ¶ 16.  In response, Plaintiff then filed a prior lawsuit against Wells Fargo seeking to challenge the foreclosure proceedings. Opp'n at 3.  This lawsuit was dismissed with prejudice in March 2017.  Plaintiff appealed and the Ninth Circuit affirmed the judgment in favor of Wells Fargo.  Opp'n at 1.

In February 2018, Wells Fargo once again initiated foreclosure proceedings against Plaintiff's home.  Proposed SAC ¶ 16.  In May 2018, Plaintiff was able to bring his mortgage current with financial aid from the state-funded Keep Your Home California program.  Id. ¶ 23.

Although there were no longer any pending foreclosure proceedings, Plaintiff filed a second lawsuit pro se against Wells Fargo in December 2018 in Sacramento Superior Court.  Not. of Removal, ECF No 1, at 1.  Wells Fargo removed the suit to this court in August 2019.  Id.  Wells Fargo then moved to dismiss Plaintiff's Complaint.  Mot. to Dismiss, ECF No. 4.  The Magistrate Judge presiding over the case granted Wells Fargo's motion and gave Plaintiff 28 days to amend his complaint.  Order Dismissing Complaint, ECF No. 14.  Plaintiff failed to amend his complaint within that allotted time.  He thereafter obtained counsel and now seeks leave to file a SAC on the grounds that he inadvertently and mistakenly failed to timely amend his complaint because he was a pro se litigant.  Mot. at 2.  Plaintiff's proposed SAC alleges four causes of action: (1) violations of

Real Estate Settlement of Procedures Act ("RESPA") under 12 U.S.C. § 2601 et seq., (2) Negligence, (3) Violations of California Unfair Competition Law under Business and Professions Code § 17200 et seq., and (4) Breach of the Implied Covenant of Good Faith and Fair Dealing.  See Proposed SAC.

## II.   JUDICIAL NOTICE

In support of its Opposition, Wells Fargo requests judicial notice of various documents related to the subject refinance loan including notes and agreements of the loan, and court filings of Plaintiff's first suit against Defendant.  See RJN, ECF No. 26.

A court may take judicial notice of a fact that is not "subject to a reasonable dispute" because "it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(a).  For this reason, courts may take judicial notice of court filings and matters of public record.  See e.g., Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co., No. 09-0007 SC, 2009 WL 656285, *2-3 (N.D. Cal. Mar. 12, 2009) (court took judicial notice of recorded documents related to the foreclosure sale, including grant deed and deed of trust: "[t]hese documents are also part of the public record and are easily verifiable").

Because the documents for which Defendant requests judicial notice are not subject to reasonable dispute, and because Plaintiff does not oppose, the Court GRANTS Defendant's request.
///

III.   OPINION

A.   Legal Standard

Under Federal Rule of Civil Procedure 15, a litigant may amend his complaint once within twenty-one days of serving it. Fed. R. Civ. P. 15(a)(1)(A).  After that deadline has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  Id.  In other words, "this policy is to be applied with extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).

In deciding a request for leave to amend, a court considers "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 1999).  But "not all of the factors merit equal weight."  Eminence Capital, 316 F.3d at 1052.  Without prejudice, or a strong showing of the other factors, there is "a presumption under Rule 15(a) of granting leave to amend."  Id.

B.   Analysis

Wells Fargo argues allowing Plaintiff to amend his complaint "would result in significant prejudice" because amendment would be futile.  Opp'n at 4.  Futility of amendment alone can justify the denial of a motion for leave to amend. Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017).  Amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Id. (citations

4

omitted). At this stage, the Court "must accept as true all of the allegations contained in a complaint." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Wells Fargo has already successfully opposed two prior versions of the complaint and in response to Plaintiff's motion to amend herein requests this Court to deny further leave to amend given the flaws that plague the proposed claims in the SAC. Opp'n at 4. For the reasons detailed below, the Court grants Wells Fargo's request.

        1.   <u>RESPA Claim</u>

Under 12 U.S.C. § 2605, a loan servicer has a duty to respond to a borrower's "qualified written request (QWR)" by acknowledging receipt of correspondence within 5 days and taking appropriate action within 30 days. 12 U.S.C. § 2605(e)(1)-(2). A QWR is a written correspondence identifying the name and account of borrower, that either: (1) includes a statement of the reasons the borrower believes the account is in error <u>or</u> (2) provides sufficient detail regarding information sought by the borrower. 12 U.S.C. § 2605(e)(1)(B)(i)-(ii).

In his proposed SAC, Plaintiff alleges that he sent Wells Fargo two QWRs, one on March 15, 2018 and the other on June 11, 2018. Proposed SAC ¶ 28. He further alleges that Wells Fargo failed to timely acknowledge receipt of the QWRs and to timely take the requested action in violation of RESPA. <u>Id.</u> Plaintiff alleges Wells Fargo's wrongful acts caused him damages. <u>Id.</u> ¶ 30. Wells Fargo argues these allegations suffer from "severe defects" such that granting amendment to this claim would be futile. Opp'n at 4. Specifically, Wells Fargo contends Plaintiff's RESPA claim fails for three reasons: (1) Plaintiff

5

did not submit a legitimate QWR, (2) Wells Fargo responded to the QWRs, and (3) because Plaintiff has not adequately articulated damages.

Given that the Court must take Plaintiff's allegations as true for purposes of this motion, Wells Fargo's arguments that Plaintiff did not file legitimate QWR's and that Wells Fargo adequately responded to the purported QWR's fail. See Proposed SAC ¶ 28; see also Reply at 4. But the Court finds that the proposed amendment of this claim is futile because Plaintiff has failed to adequately articulate damages. Opp'n at 7.

Servicers are liable to borrowers for damages resulting from a RESPA violation. 12 U.S.C. § 2605(f). Although not explicit, "[C]ourts have read the statute as requiring a showing of pecuniary damages in order to state a claim." Allen v. Fin. Mortg. Corp., 660 F. Supp. 2d 1089, 1097 (N.D. Cal. Sept. 15, 2009). Plaintiff contends that Wells Fargo's RESPA violations caused him to incur "excessive interest accumulation, negative amortization, loss of equity, damage to credit, late fees, attorney's fees, litigation costs, and [emotional damages]." Proposed SAC ¶ 30. But Plaintiff fails to specify how these purported damages were incurred directly as a result of Wells Fargo's RESPA violation. Plaintiff merely argues that he was harmed because had Wells Fargo responded in time, he would have been able to "reinstate [his] Subject Mortgage in March 2018." Id. ¶ 24. This does not explain, however, how failing to reinstate his mortgage caused those specific damages. For example, Plaintiff failed to include "facts linking interest and penalties on the loan to the alleged RESPA violations." Panno

6

1  v. Wells Fargo Bank, N.A., No. SA CV 16-0118-DOC, 2016 WL
2  74955834, *8 (C.D. Cal. Apr.1, 2016).  Moreover, while Wells
3  Fargo cites to numerous cases supporting its argument that
4  Plaintiff's allegations are merely conclusory, see Opp'n at 7 n.
5  4, Plaintiff opposes this argument without citing to any cases
6  that support his contention, see Reply at 5-8.
7       In short, Plaintiff has failed to allege "facts sufficient
8  to establish that it is plausible, rather than merely possible,"
9  that his alleged damages resulted from Wells Fargo's RESPA
10 violations.  Panno, 2016 WL 74955834, at *9.  The Court finds
11 Plaintiff's proposed amendment of this claim is futile.
12          2.   Negligence Claim
13      Wells Fargo argues amendment to Plaintiff's negligence
14 claim is also futile because it did not owe Plaintiff a duty of
15 care.  Opp'n at 8-10.  "The existence of a duty of care owed by
16 a defendant to a plaintiff is a prerequisite to establishing a
17 claim for negligence."  Nymark v. Heart Fed. Sav. & Loan Ass'n,
18 231 Cal. App. 3d 1089, 1095 (1991).  But financial institutions
19 generally "owe[] no duty of care to a borrower when the
20 institution's involvement in the loan transaction does not
21 exceed the scope of its conventional role as a mere lender of
22 money."  Id. at 1095.  Plaintiff concedes as much yet asks the
23 Court to consider this to be an instance that exceeded the scope
24 of Wells Fargo's conventional role as a "mere lender of money."
25 Reply at 10.  The Court disagrees.
26      Although authority has recently emerged that has deviated
27 from the general duty of care rule, those cases have only
28 imposed a duty of care on lenders "that undertake[] to review a

7

loan for potential modification." Alvarez v. BAC Home Loans Servicing, L.P., 228 Cal. App. 4th 941, 948 (2014)(stating that Garcia v. Ocwen Loan Servicing, LLC, No. C 10-0290 PVT, 2010 WL 1881098, *2-4 (May 10, 2010) "is representative of those cases."). Those cases are inapplicable to the case at hand.

Plaintiff argues that Mahoney v. Bank of Am., N.A., is "particularly analogous to the facts here" but that case is readily distinguishable. No. 13-cv-2530-W(JMA), 2014 WL 2197068, at *7 (S.D. Cal. May 27, 2014); Reply at 14. While the plaintiffs in Mahoney were also attempting to obtain a reinstatement quote, they were doing so to liquidate their retirement savings to pay the balance of their mortgage. 2014 WL 2197068, at *2. When the plaintiffs attempted to pay the majority of their outstanding loan, defendant accepted but failed to deposit the payment for over a month. Id. Defendant then refused to accept the rest of plaintiffs' timely mortgage payments but continued to penalize them with late fees and penalties. Id. The court in Mahoney found this behavior was outside the scope of a mere lender of money, and therefore found a duty of care existed. Id. at *7.

In the instant case, Wells Fargo was not reviewing Plaintiff's loan for a potential modification nor rejecting Plaintiff's mortgage payments. Rather, Plaintiff alleges Wells Fargo was negligent by simply failing to timely respond to his QWR requesting a reinstatement quote. Proposed SAC ¶ 33. This behavior falls squarely within Wells Fargo's conventional role as a mere lender of money. It therefore owed Plaintiff no duty of care, as prescribed under the well-established general rule

in Nymark.  Accordingly, the Court finds that amendment would be futile because this claim fails as a matter of law.

### 3. UCL Claim

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.  An act violates the UCL if it is "unlawful," "unfair" or "fraudulent."  McGarvey v. JP Morgan Chase Bank, N.A., No. 2:13-cv-01099-KJM, 2013 WL 5597148, at *8-9 (E.D. Cal. Oct. 11, 2013) (quoting Rubio v. Capitol One Bank, 613 F.3d 1195, 1203 (9th Cir. 2010)).  Plaintiff's proposed amended UCL Claim is predicated on the "unlawful" prong. Proposed SAC ¶ 45.  To establish an unlawful business practice, plaintiff must successfully allege a predicate violation of the law.  McGarvey, 2013 WL 5597148, at *8-9.

As Defendant argues, this claim fails because Plaintiff's first two claims fail.  Opp'n at 14.  Plaintiff's failure to successfully allege a predicate violation of the law, makes the proposed amendment of this claim futile.

### 4. Implied Covenant Claim

Under contract principles, "California law implies a covenant of good faith and fair dealing in every contract." Mundy v. Household Fin. Corp., 885 F.2d 542, 544 (9th Cir.1989)(citation omitted).  "The implied covenant imposes certain obligations on contracting parties as a matter of law-specifically, that they will discharge their contractual obligations fairly and in good faith."  Id. (citation omitted). "To state a claim for breach of the implied covenant, a

plaintiff must allege performance or excuse for nonperformance under the contract." Berkeley v. Wells Fargo Bank, No. 15-cv-00749, 2015 WL 6126815, at *4 (E.D. Cal. Oct. 19, 2015)(quoting Enuke v. Am.'s Wholesale Lender, No. CV-11-6661 PA (SPx), 2011 WL 11651341, at *9 (C.D. Cal. Dec. 18, 2011)). Wells Fargo argues Plaintiff's implied covenant claim fails in part because he cannot establish that he "fufille[d] [his] obligations under the loan contract." Opp'n at 16. While Plaintiff contends this claim is sufficiently plead, he fails to respond to this specific argument in his Reply. See Reply at 12-13. It is undisputed that Plaintiff defaulted on his loan in 2014 and failed to make mortgage payments until mid-2018. Id. Accordingly, Plaintiff has failed to show, and cannot show, that he substantially performed under the contract. Amending this claim would therefore also be futile.

Given the Court's findings that the proposed SAC fails to state any viable cause of action, further amendment is futile and denial of Plaintiff's motion to amend is warranted.

## IV.  ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Leave to Amend his complaint.

IT IS SO ORDERED.

Dated: September 8, 2020

/s/ John A. Mendez
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE